**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001035**
**06-MAY-2013**
**10:28 AM**

NO. CAAP-12-0001035

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RUSSELL JACK GRISHAM and TERESA J. MOORE,
Petitioners-Appellants,
, v.
JOHN N. SPADARO and
JOHN N. SPADARO as Trustee of the JOHN N. SPADARO TRUST,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SS12-1-01192)

ORDER GRANTING APRIL 22, 2013 MOTION TO DISMISS APPEAL
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Defendant-Appellee John N.
Spadaro's (Appellee Spadaro) April 22, 2013 motion to dismiss
appellate court case number CAAP-12-0001035 (motion to dismiss),
(2) Petitioner-Appellant Teresa J. Moore's April 29, 2013
memorandum in opposition to Appellee Spadaro's April 22, 2013
motion to dismiss, and (3) the record, it appears that we do not
have jurisdiction over the appeal that Appellant Moore has

asserted from a November 16, 2012 entry in the district court minutes that appears to reflect the Honorable Hilary Benson Gangnes's oral announcement that she intends to dismiss Appellant Moore's November 14, 2012 petition for a temporary restraining order and Petitioner-Appellee Russell Jack Grisham's (Appellee Grisham) October 30, 2012 petition for a temporary restraining order, because the district court has not yet entered an appealable written order or appealable written judgment that resolves all of the claims in this district court case.

We note that in Appellee Spadaro's April 22, 2013 motion to dismiss, Appellee Spadaro argues that we should dismiss appellate court case number CAAP-12-0001035 because, according to Appellee Spadaro, the district court lacked jurisdiction over this matter. However, (1) the jurisdiction of the district court under Hawaii Revised Statutes (HRS) § 604-5 (Supp. 2012) and (2) the jurisdiction of the intermediate court of appeals under HRS § 641-1(a) are separate issues. If an aggrieved party timely appeals from a district court order or judgment that is appealable under HRS § 641-1(a), the intermediate court of appeals has appellate jurisdiction, even if the district court lacked jurisdiction under HRS § 604-5 to enter that order or judgment. As the supreme court has explained, when a party asserts a timely appeal from an appealable order or appealable judgment that a trial court lacked jurisdiction to enter, "the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the [trial court's] error[, if any,] in jurisdiction." Koga Engineering v. State, 122 Hawai'i 60, 84,

222 P.3d 979, 1003 (2010) (citation, internal quotation marks and brackets omitted). Therefore, Appellee Spadaro's argument in support of dismissing appellate court case number CAAP-12-0001035 lacks merit.

Nevertheless, our review of the record shows that the dismissal of appellate court case number CAAP-12-0001035 is warranted because the district court has not yet entered an order or judgment that is appealable pursuant to HRS § 641-1(a).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." A district court's "oral decision is not an appealable order." <u>KNG Corp. v. Kim</u>, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). Although court minutes might reflect a court's oral announcement of a ruling, "a minute order is <u>not</u> an appealable order." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment;

and the judgment is not effective before such entry." <u>KNG Corp. v. Kim</u>, 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted); <u>cf</u> <u>State v. Bohannon</u>, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003) ("Accordingly, we hold that, in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3).").

On January 22, 2013, the record on appeal for appellate court case number CAAP-12-0001035 was filed, at which time the record on appeal did not contain any written order or written judgment that ended this case by finally adjudicating Appellant Moore's November 14, 2012 petition for a temporary restraining order and Appellee Grisham's October 30, 2012 petition for a temporary restraining order. Absent an appealable written order or appealable written judgment that adjudicates all claims and ends this case, Appellant Moore's appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, <u>sua sponte</u>, dismiss that appeal.

<u>Housing Fin. and Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); <u>Peterson v. Hawaii</u>

Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that Appellee Spadaro's April 22, 2013 motion to dismiss appellate court case number CAAP-12-0001035 is granted, and appellate court case number CAAP-12-0001035 is dismissed for lack of appellate jurisdiction. All pending motions are denied as moot.

DATED: Honolulu, Hawai'i, May 6, 2013.

Chief Judge

Associate Judge

Associate Judge